Commonwealth *v.* Franklin, Appellant.

Submitted November 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John J. Dean* and *Sallie Ann Radick,* Assistant Public Defenders and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 11, 1972:
Order affirmed.

---

DISSENTING OPINION BY PACKEL, J.:

A police officer testified at trial: "During the process of making the narcotics arrests inside of the bar, we noticed the defendant arise from a table and proceed to leave the bar. Well, in the process of arising from the table, we observed a bulge sticking out from under his belt there. We followed the defendant outside and apprehended him on the sidewalk and conducted a quick search of him and discovered the .32 caliber revolver mentioned. . . . Q. Where was the gun being carried again, officer? A. In the waistband of his trousers. Q. And while you were in the bar, when he stood up, you observed the gun? A. Yes, sir." On the basis of this testimony the court below, after a post-conviction evidentiary hearing ordered by this Court, concluded that the search was proper because: "His argument that the weapon was obtained without proper foundation is completely without merit; the officer having seen the weapon stuck in his waist-belt before even arresting or seizing him or the weapon."

At the evidentiary hearing the officer did not testify. The defendant, in order to show incompetency of counsel, testified that he discussed the suppression of the evidence with his lawyer, and was merely told that it could probably be straightened out in the courtroom. His attorney testified that he made no effort to suppress: "Well, let me say this, I reviewed the testimony today and I believe there is a very small conflict in that at one time the Officer said he saw a bulge and another time he said he personally observed a gun, and since the Judge believed that he saw the gun, I don't believe there would have been any merit in the Motion to Suppress, although, certainly, there would have been no harm in presenting the Motion."

The determination must be made, in view of the foregoing, whether the defendant is entitled to post-conviction relief on the grounds of ineffective assistance of counsel. The police officer's testimony was at the very least far from consistent. The statement of his observation of a bulge, and "discovery" of a gun after the search was very different from his statement of "observing a gun" before the search. Within the rule of *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967), there appears to be no reasonable basis for the failure of counsel to take any step to suppress the fruits of the search without which there would probably have been no evidentiary basis for the prosecution's case.

The judgment of sentence should be reversed and a new trial ordered.

HOFFMAN and SPAULDING, JJ., join in this dissenting opinion.